UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HECTOR DURAN-MARTINEZ,

    Petitioner,

v.                                                      Case No. 07-C-536

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

On June 12, 2007, Hector Duran-Martinez filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to illegal re-entry after deportation for an aggravated felony, and was sentenced to 70 months of imprisonment. Judgment was entered on June 13, 2006.

Section 2255 authorizes a district court to grant relief within a year after a judgment of conviction becomes final "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant

to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading . . . .

Rule 4, Rules Governing § 2255 Proceedings.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims under § 2255. Petitioner asserts two grounds for relief. First, he asserts his Sixth Amendment right to counsel was violated due to counsel's ineffectiveness at sentencing. More specifically, he asserts that his defense attorney failed to investigate after he told her at least one of his prior charges had been dismissed, and that the government used this prior charge to enhance his sentence. Petitioner also asserts his right to effective counsel was violated when his defense attorney failed to investigate his allegation that law enforcement officials had violated the "Vienna Convention," presumably the Vienna Convention on Consular Relations. Petitioner's second ground for habeas relief is that he is "entitled" to an evidentiary hearing on these issues. (Pet. at 4.)

Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington,* 466 U.S. 668 (1984), so petitioner raises at least a colorable constitutional issue. The second claim, entitlement to an evidentiary hearing on the issues raised in the first claim, is not an independent basis for federal habeas relief. Petitioner appears to recognize as much when he states that he "requests" an evidentiary hearing to resolve the issues of the first claim. (Pet. at 4.)

**IT IS ORDERED** that, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, within 45 days of the date of this order, the United States Attorney in and for the Eastern District of Wisconsin shall serve and file an answer or responsive pleading, together with a legal brief or memorandum in support thereof, that complies with Rule 5 of the Rules Governing § 2255

2

Proceedings. Petitioner may file a reply within 30 days of the filing of the Government's answer and/or responsive pleading. Upon review of the filings, the court will determine whether relief may be justified or whether a hearing may be warranted.

**SO ORDERED** this ___13th___ day of June, 2007.

                                                   s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge