# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HECTOR DURAN-MARTINEZ,,

    Petitioner,

v.                                         Case No. 07-C-536

UNITED STATES OF AMERICA,

    Respondent.

**DECISION AND ORDER DENYING POST-CONVICTION RELIEF**

Hector Duran-Martinez pled guilty to illegal re-entry after deportation for an aggravated felony. During the proceedings against him, he was represented by counsel. On June 9, 2006, the court sentenced Duran-Martinez to seventy months of imprisonment. Judgment was entered on June 13, 2006. Duran-Martinez did not pursue a direct appeal.

Mr. Duran-Martinez now moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, asserting as a ground for relief that he was denied his Sixth Amendment right to counsel. More specifically, he claims defense counsel failed to investigate after he told her at least one of his prior charges had been dismissed, and that the Government used this prior charge to enhance his sentence. Mr. Duran-Martinez also claims his right to effective counsel was violated when his attorney failed to investigate his allegation that law enforcement officials had violated his right to consular notification under the Vienna Convention on Consular Relations ("Vienna Convention"). For the reasons below, I conclude no hearing is necessary and his petition should be denied.

**ANALYSIS**

Habeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations. *Brecht v. Abrahamson*, 507 U.S. 619, 633-34, 113 S. Ct. 1710, 1719-20, 123 L. Ed. 2d 353 (1993). Relief under § 2255 is "limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect, which inherently results in a complete miscarriage of justice." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994).

Moreover, the filing of an § 2255 petition does not automatically entitle to the petitioner to an evidentiary hearing. *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir. 1995). No evidentiary hearing is required if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The rule in the Seventh Circuit is that "in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir. 1976) (footnotes omitted), cert. denied, 429 U.S. 826, 97 S. Ct. 81, 50 L. Ed. 2d 88 (1976). "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989) (citing *United States ex rel. Edwards v. Warden*, 676 F.2d 254, 256 n. 3 (7th Cir. 1982)). Mr. Duran-Martinez has filed no such affidavit or supported his allegations in any way.

A petition pursuant to 28 U.S.C. § 2255 must state specific facts which describe each ground for relief. Vague and conclusory assertions of a constitutional violation are not sufficient. *See* Rule 2(b) of the Rules Governing § 2255 Cases; *Oliver v. United States*, 961 F.2d 1339, 1343 n. 5 (7th Cir. 1992) (holding that a district court may deny a § 2255 motion without a hearing "if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court."); *Shah v. United*

2

*States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (holding that conclusory allegations warrant summary dismissal of § 2255 claims).

In support of his claim of ineffective assistance of counsel, Mr. Duran-Martinez alleges that although he notified his attorney that "at least one of his prior charges was dismissed," she did not investigate his criminal history, which the Government utilized to enhance his sentence. (Pet. Mot. 4.) Mr. Duran-Martinez claims that his attorney told him "one prior conviction would not matter if Mr. Duran-Martinez had several convictions." (Pet. Reply 2.)

To establish a claim of ineffective assistance of counsel, a petitioner must show that his counsel performed in a deficient manner and that this deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Mr. Duran-Martinez does not identify which of his prior charges or convictions was improperly used, nor does he submit any affidavit or evidence in support of this allegation. He does not provide any specific facts regarding the conviction or his attorney's performance. Therefore, his allegation is inadequate. Furthermore, because the United States need only rely on one prior aggravated felony conviction to invoke the enhanced penalty provisions of Title 8, United States Code, §1326(b)(2), it is unclear how counsel's performance, even if deficient, could have prejudiced Mr. Duran-Martinez, unless all three of his prior aggravated felony convictions had been dismissed.

Mr. Duran-Martinez also claims that his attorney failed to properly investigate his claim that law enforcement officials violated his rights under the Vienna Convention on Consular Relations.[1]

---

[1] Article 36(b) of the Vienna Convention on Consular Relations provides in relevant part:

[I]f he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay.

3

The court interprets Mr. Duran-Martinez's request that he be afforded "any benefit he might otherwise have had if the proper authority had been notified," as a claim that law enforcement officials improperly failed to notify the Mexican Consulate of Mr. Duran-Martinez's arrest. (Pet. Reply 1.) Again, Mr. Duran-Martinez's allegations are inadequate. He fails to provide the court any specific facts as to whether he requested consular notification, what he asked his attorney to investigate, how her investigation was deficient.

Even if Mr. Duran-Martinez could show the alleged failure to investigate was objectively unreasonable, his petition would still fail to satisfy the *Strickland* standard, because he does not indicate it caused prejudice, or suggest "how the outcome of his trial would have been different had his attorney raised the claim he now makes." *Christie v. U.S.*, 2006 WL 2864396 (M.D. Fla. 2006) (denying a § 2255 petition alleging ineffective assistance of counsel based upon an attorney's failure to raise a claim that the Vienna Convention's consular notification provision was violated); *see also Murphy v. Netherland*, 116 F.3d 97, 100 (4th Cir. 1997) (holding that a petitioner "failed to establish prejudice from the alleged violation of the Vienna Convention because he is unable to explain how contacting the Mexican consulate would have changed either his guilty plea or his sentence."). In fact it is unlikely he could do so. The Seventh Circuit has held that although Article 36 of the Vienna Convention confers individual rights on detained nationals which permit the filing of civil lawsuits pursuant to 42 U.S.C. § 1983, it does not provide "some kind of shield against criminal enforcement." *Jogi v. Voges*, 480 F.3d 822, 834 (7th Cir. 2007). The Court emphasized

---

> The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph.

Vienna Convention on Consular Relations, art. 36(1)(b), Apr. 24, 1963, 21 U.S.T. 77, 101, T.I.A.S. No. 6820.

4

that "[t]he distinction between a private right, on the one hand, and various remedial measures that affect criminal prosecutions, on the other, is an important one," *id.* at 432, and indicated its decision was not meant to disturb the conclusion "that the various remedies available to criminal defendants, such as the quashing of an indictment or the exclusionary rule, are not appropriate cures for a violation."[2] *Id.* at 831.

Mr. Duran-Martinez devotes much of his reply to the Government's answer to allegations that a clerical error made in 1979 by the Immigration and Naturalization Service delayed his deportation. (Pet. Reply 2-4.) This issue was raised for the first time in his reply to the Government's answer, and is therefore not properly before the court. *U.S. v. Joiner*, 847 F. Supp. 604 (N.D. Ill. 1994) (refusing to consider an issue raised in a reply rather than an original § 2255 petition); *see U.S. v. Hughes*, 970 F.2d 227, 235 n. 6 (7th Cir. 1992) ("[A]rguments raised for the first time in a reply brief are waived."). Regardless, the allegation is inadequate, as it does not even identify the alleged clerical error.

In sum, I conclude that Mr. Duran-Martinez is not entitled to relief under § 2255 on any of the grounds asserted. His motion for post-conviction relief will therefore be denied.

---

[2] In the criminal context, two Circuits have held that the Vienna Convention does not confer any individual rights upon foreign nationals, *United States v. Emuegbunam*, 268 F.3d 377 (6th Cir. 2001); *United States v. Jimenez-Nava*, 243 F.3d 192 (5th Cir. 2001), and other Circuits have concluded that remedies such as suppression of evidence or dismissal of an indictment are inappropriate for Article 36 violations in criminal proceedings, or that procedural rules preclude consideration of the issue. *United States v. Ortiz*, 315 F.3d 873, 886 (8th Cir. 2002); *United States v. Duarte-Acero*, 296 F.3d 1277, 1281-82 (11th Cir. 2002); *United States v. Minjares-Alvarez*, 264 F.3d 980, 986 (10th Cir. 2001); *United States v. Lawal*, 231 F.3d 1045, 1048 (7th Cir. 2000); *United States v. Lombera-Camorlinga*, 206 F.3d 882, 885 (9th Cir. 2000); *United States v. Li*, 206 F.3d 56, 61-62 (1st Cir. 2000); *United States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001); *Murphy v. Netherland*, 116 F.3d 97, 100 (4th Cir. 1997).

**IT IS ORDERED** that petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS ORDERED** that petitioner's Motion to strike the Government's response is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

Dated this   8th   day of November, 2007.

                                                    s/ William C. Griesbach
                                                    William C. Griesbach
                                                    United States District Judge